CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 20 2017
JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Plaintiff,

v.

TCHERNAVIA JORDAN, CHESTER
DAMON JORDAN, TONIA JORDAN,
NENITA BAEUML, and RUTH NGOO,

        Defendants.

Civil Action No.: 4:17CV00076

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S
BRIEF IN SUPPORT OF ITS MOTION FOR DEPOSIT
PURSUANT TO FED. R. CIV. P. 67**

## PRELIMINARY STATEMENT

Plaintiff, The Prudential Insurance Company of America ("Prudential"), filed an Interpleader Complaint to resolve the potentially competing claims of Tchernavia Jordan ("Tchernavia"), Chester Damon Jordan ("Chester"), Tonia Jordan ("Tonia"), Nenita Baeuml ("Nenita") and Ruth Ngoo ("Ruth"), to a $50,000 death benefit due as a consequence of the death of Chester Jordan (the "Insured") under a group life insurance policy issued by Prudential to the Department of Veterans Affairs of the United States, pursuant to the Servicemembers' Group Life Insurance statute, 38 U.S.C. § 1965, *et seq.*, under group policy number G-32000.

In this motion, Prudential moves this Court for entry of an Order directing Prudential to deposit the Death Benefit into the Court's registry pursuant to Federal Rule of Civil Procedure 67.

## STATEMENT OF FACTS

Prudential, through the Office of Servicemembers' Group Life Insurance ("Prudential–OSGLI"), provided group life insurance benefits to the Department of Veterans Affairs of the United States, pursuant to the Servicemembers' Group Life Insurance statute, 38 U.S.C. § 1965, *et seq.*, under group policy number G-32000 (the "Group Policy"). (Complaint, ¶ 10). The Group Policy provides Veterans' Group Life Insurance ("VGLI") coverage to veterans who separate or are released from active duty. (*Id.*, ¶ 11).

At all relevant times, the Insured was covered under the Group Policy in the amount of $50,000.00 (the "Death Benefit"). (*Id.*, ¶ 12).

On or about May 26, 1998, the Insured designated Ruth, who he identified as a friend, as the sole primary beneficiary of the Death Benefit. (*Id.*, ¶ 13).

On or about May 4, 2010, the Insured submitted an online beneficiary designation change, naming Nenita as the sole primary beneficiary of the Death Benefit. (*Id.*, ¶ 14).

The Insured died on or about February 12, 2017 in Germany. (*Id.*, ¶ 15). As a consequence of the Insured's death, the Death Benefit became due. (*Id.*, ¶ 16).

On or about May 1, 2017, Nenita submitted a claim to the Death Benefit. (*Id.*, ¶ 17). Following the Insured's death, the Insured's children, Chester, Tchernavia and Tonia contested payment of the Death Benefit to Nenita, disputing the validity of the May 4, 2010 beneficiary designation. In support of their claim, the children allege that the Insured may have been the victim of elder abuse, the Insured was ill for many years prior to his death, and that the designation naming Nenita was fraudulently submitted. The children further alleged that the Insured advised them that they were the beneficiaries of the Death Benefit and provided a letter of instruction from the Insured which the children allege support that they are the beneficiaries of the Death Benefit. (*Id.*, ¶ 18).

SGLI provides that any insurance payable on the servicemember's life shall be paid to the following person or persons who are surviving as of the date of the servicemember's death, in the following order of precedence: (1) to the beneficiary or beneficiaries designated by a writing received prior to the insured's death; (2) if there is no such beneficiary, to the widow or widower of the insured; (3) if none of the above, to the child or children of the insured and descendants of deceased children by representation; (4) if none of the above, to the parents of the insured or their survivors; (5) if none of the above, to the duly appointed executor or administrator of the estate of the insured; (6) if none of the above, to the other next of kin of the insured entitled to the benefits pursuant to the laws of that domicile. (*Id.*, ¶ 19 and 38 U.S.C. § 1970(a).)

In the event Nenita is disqualified from receiving the Death Benefit, the Death Benefit may be payable to Ruth as the prior designated beneficiary, or to the Insured's children pursuant to 38 U.S.C. § 1970(a) if the Court determines there was no designated beneficiary at the time of the Insured's death. (*Id.*, ¶ 20.)

Prudential claims not title or interest in the Death Benefit payable under the Group Policy. (*Id.*, ¶ 21).

## LEGAL ARGUMENT

### The Court Should Grant Prudential's Motion To Deposit The Death Benefit With The Court Pursuant To Rule 67

The interpleader statute, 28 U.S.C. § 1335, requires a neutral stakeholder seeking interpleader relief to:

> [D]eposit[] [the stake] . . . into the registry of the court, there to abide the judgment of the court . . . conditioned upon the compliance by the [stakeholder] with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a)(2). Through this motion, Prudential seeks to deposit the Death Benefit into the Court's registry pursuant to Rule 67 of the Federal Rules of Civil Procedure.

Rule 67 (a) provides that:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Here, the relief Prudential seeks is disposition of a sum of money. Prudential has filed this motion upon notice to all parties. (*See* Certification of Service, attached herein.) Accordingly, the Court should allow Prudential to deposit the Death Benefit plus claim interest, if any, with the Court.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that Prudential's motion be granted.

Dated: October 20, 2017

Respectfully submitted,

/s/ Julie D. Hoffmeister
Julie D. Hoffmeister (VSB No. 87634)
*Counsel for The Prudential Insurance Company of America*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1448
Facsimile: (804) 697-1339
julie.hoffmeister@troutmansanders.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System. A copy of the foregoing pleading will also be served on the named defendants along with the Complaint pursuant to Fed. R. Civ. P. 4.

/s/ Julie D. Hoffmeister
Julie D. Hoffmeister (VSB No. 87634)
*Counsel for The Prudential Insurance Company of America*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1448
Facsimile: (804) 697-1339
julie.hoffmeister@troutmansanders.com

33016299v1